UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DANNY RAYMOND SCHWAB, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 13-3145 |
| GREGG SCOTT, *et al.* | ) ) ) |
| Defendants. | ) |

## SUMMARY JUDGMENT OPINION

Plaintiff, proceeding pro se and presently civilly committed at Rushville Treatment and Detention Facility, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging a conditions-of-confinement claim for failure to provide an adequate mattress. The matter comes before this Court for ruling on the Defendants' Motion for Summary Judgment. (Doc. 51). The motion is granted.

## PRELIMINARY MATTERS

Defendants filed their motion for summary judgment on July 3, 2015. (Doc. 51). On July 6, 2015, the Clerk of Court sent Plaintiff a Rule 56 Notice. (Doc. 57). The notice informed Plaintiff that he had 21 days to respond to the Defendant's motion and that

failure to respond could result in dismissal of this action without trial.

In a text order entered October 23, 2015, the Court granted Plaintiff's request for an extension of time to file a response to the Defendants' motions and ordered that Plaintiff respond by November 20, 2015.  As of the date of this Opinion, Plaintiff has not filed a response or a request for additional time.  Therefore, pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Court will consider the Defendants' assertions of fact as undisputed for purposes of this ruling.  See FED. R. CIV. P. 56(e)(2) (if a party fails to properly address another party's assertion of fact, the court may consider the fact undisputed for purposes of the motion).

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor.  Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a

genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## FACTS

Plaintiff is civilly committed at Rushville Treatment and Detention Facility ("Rushville" or "TDF") pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILL. COMP. STAT. § 207/1 et seq.  Defendants are or were employed at Rushville in various capacities.

On May 17, 2013, Plaintiff discovered a stain on his mattress.  Plaintiff described the stain as a "dark black, dusty material" covering approximately three-fourths (3/4th) of his mattress and located primarily where his body would lie while sleeping.  Pl. Dep. 19:7-20:24.  Plaintiff believed this stain to contain black mold.

Plaintiff sent a request to Defendant Barnett, the laundry supervisor at Rushville, requesting a new mattress. This request was initially denied, but Plaintiff's mattress was cleaned at some point between Plaintiff's initial discovery and July 2, 2013. On July 2, 2013, Defendant Morris, the Rushville official in charge of the Property department, inspected the mattress and opined that the stain on Plaintiff's mattress was rust. Plaintiff's mattress was replaced on September 23, 2013. Plaintiff testified that has since experienced some respiratory problems, but he has not provided any evidence in support of that testimony.

Prior to the discovery of the stain, Plaintiff alleged that his mattress was worn out in that it provided little back support. Plaintiff testified in his deposition that he "would wake up real sore with a lot of back pain sometimes." Pl. Dep. 22:17-18. Rushville's medical staff later examined Plaintiff and discovered no issues. Id. 22:13-15 ("…that x-ray turned out to have no problems as far as my bones and everything").

## ANALYSIS

As a civil detainee, Plaintiff's claim arises under the Fourteenth Amendment, rather than the Eighth Amendment's

proscription against cruel and unusual punishment.  Mayoral v. Sheahan, 245 F.2d 934, 938 (7th Cir. 2001).  Despite this distinction, there exists "little practical difference between the two standards."  Id. (quoting Weiss v. Cooley, 230 F.3d 1027, 1032 (7th Cir. 2000)).

    To prevail, Plaintiff must show that Rushville officials caused him to suffer an objectively serious harm and that, in so doing, Rushville officials acted with deliberate indifference.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  The alleged harm must be "sufficiently serious" such that it resulted in the "denial of the minimal civilized measure of life's necessities."  Id.  Deliberate indifference is more than negligence, but does not require the plaintiff to show that the defendants intended to cause harm. Mayoral, 245 F.3d at 938.  Liability attaches when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.

The parties dispute whether Plaintiff was exposed to black mold. Defendants argue that Plaintiff's description of the stain is inconsistent with the appearance of black mold, specifically that mold is not "dusty." Nevertheless, assuming that the stain was black mold, Plaintiff has not shown he suffered an objectively serious harm. While Plaintiff testified during his deposition that he has had some respiratory problems since the alleged exposure to mold, Plaintiff has not produced any evidence beyond his own allegations. This is not sufficient to survive the summary judgment stage. See Siegel v. Shell Oil Co., 612 F.3d 932, 937 (7th Cir. 2010) ("Summary judgment is the put up or shut up moment in a lawsuit. Once a party has made a properly-supported motion for summary judgment, the nonmoving party may not simply rest upon the pleadings but must instead submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." (internal citations and quotation marks omitted)). Furthermore, Plaintiff testified that despite the worn out condition of his mattress he experienced no medical issues as a result.

In addition, Plaintiff cannot show that prison officials acted with deliberate indifference. Rushville does not have a policy

regarding the routine inspection of mattresses.  (Doc. 52-2). Instead, complaints about mattresses are handled on a case-by-case basis.  Id.  If a problem arises, a resident at Rushville can contact the laundry department to request that the mattress be cleaned, or contact the property department to request that the mattress be replaced.  Id.  In this case, Plaintiff contacted the laundry department and his mattress was cleaned.  When, as Plaintiff alleges, cleaning did not remove the stain, Rushville officials responded to his concerns: first, Defendant Morris, the property supervisor, inspected Plaintiff's mattress, and again, when Plaintiff's mattress was replaced.  Nothing in the record suggests that Plaintiff's concerns were not addressed by the appropriate departments within the facility.

Therefore, for the reasons discussed above, the Court finds that a reasonable juror could not conclude that Plaintiff's Fourteenth Amendment rights were violated.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motion for Summary Judgment [51] is GRANTED.  The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff.  All pending motions not addressed below are denied as moot,**

and this case is terminated, with the parties to bear their own costs.

2) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. See Fed. R. App. P. 24(a)(1)(c); see also Celske v Edwards, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); Walker v O'Brien, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

3) Defendants' Motion for Sanctions [54] is DENIED as moot.

ENTERED:     January 27, 2016.

FOR THE COURT:

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
